# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

BYRON AVILA,

    Plaintiff,

v.

FEDERAL HOUSING FINANCE AGENCY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and CIT BANK, N.A. F/K/A ONEWEST BANK, FSB,

    Defendants.

C.A. No. 1:18-cv-00299-WES-LDA

## FEDERAL HOUSING FINANCE AGENCY AND FEDERAL NATIONAL MORTGAGE ASSOCIATION'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Federal Housing Finance Agency ("FHFA") and Federal National Mortgage Association ("Fannie Mae") (collectively, "Defendants"), respond to each and every allegation of Plaintiff, Cynthia Boss' ("Plaintiff"), Complaint for Declaratory, Injunctive Relief, and Damages (the "Complaint"), as follows:

    1.    Denied.

    2.    Paragraph 2 of Plaintiff's Complaint introduces the Complaint, asserts legal conclusions and requests for relief that do not require a response. To the extent a response is required, denied.

    3.    [Plaintiff has not included any allegation numbered Paragraph 3].

    4.    Paragraph 4 of Plaintiff's Complaint states legal conclusions and sets forth requests for relief that do not require a response. To the extent a response is required, denied.

**JURISDICTION AND VENUE**

5. Paragraph 5 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants assent to the jurisdiction of this Court.

6. Admitted.

7. Paragraph 7 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendants accept venue in this district.

8. Paragraph 8 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent that a response is required, the United States Code and Federal Rules of Civil Procedure apply in this Court.

9. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Admitted.

11. Fannie Mae is a corporation existing under the laws of the United States of America. Furthermore, 12 U.S.C. § 1716 speaks for itself. To the extent that Paragraph 11 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

12. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendants lack sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.

**GENERAL FACTUAL ALLEGATIONS**

*The Conservatorship of FHFA over Fannie Mae*

302979964v1 1010981

14. The statutory provisions of the Housing and Economic Recovery Act of 2008 ("HERA") referred to in Paragraph 14 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 14 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

15. The statutory provisions of HERA referred to in Paragraph 15 of Plaintiff's Complaint speak for themselves. To the extent that Paragraph 15 contains Plaintiff's characterization of the cited statutory provisions, those allegations are denied.

16. The Statement of the FHFA Director referred to in Paragraph 16 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 16 contains Plaintiff's characterization of the cited statement, those allegations are denied.

17. The Congressional Budget Office ("CBO") Background Paper referred to in Paragraph 17 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 17 contains Plaintiff's characterization of the cited statement, those allegations are denied.

18. The CBO Background Paper referred to in Paragraph 18 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 18 contains Plaintiff's characterization of the cited statement or document, those allegations are denied.

19. CBO Working Paper referred to in Paragraph 19 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 19 contains Plaintiff's characterization of the cited statement or document, those allegations are denied.

20. Fannie Mae's Annual Report, Form 10-K, for fiscal year 2014 (hereinafter the "2014 Annual Report") referred to in Paragraph 20 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 20 contains Plaintiff's characterization of the 2014 Annual Report or any statements therein, those allegations are denied.

21. Denied.

22. Paragraph 22 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent this paragraph alleges facts, denied.

23. Paragraph 23 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent this paragraph alleges facts, denied.

24. The document referred to in Paragraph 24 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 24 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

25. Denied.

26. The statute referred to in Paragraph 26 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 26 contains Plaintiff's characterization of that statute or any statements therein, those allegations are denied.

27. Denied.

28. Denied.

29. The document referred to in Paragraph 29 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 29 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

30. Denied.

31. Denied.

32. Denied.

33. The Senior Stock Preferred Stock Purchase Agreement referred to in Paragraph 33 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 33 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

302979964v1 1010981

34. Denied.

### *The Agency Relationship between FHFA and Fannie Mae and Wells Fargo.*

35. The FHFA Office of Inspector General Evaluation Report referred to in Paragraph 35 of Plaintiff's Complaint speaks for itself. To the extent that Paragraph 35 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

36. The Defendants are without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 36 and therefore deny the same.

37. The Defendants are without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 37 and therefore deny the same.

38. The document referred to in Paragraph 38 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 38 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

39. The document referred to in Paragraph 39 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 39 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

40. The document referred to in Paragraph 40 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 40 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

41. The document referred to in Paragraph 41 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 41 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

42. Denied.

43. Admitted.

44. Defendants are without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 44 of the Plaintiff's Complaint and therefore deny the same.

45. The Notice referred to in Paragraph 45 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 45 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

46. Denied to the extent Plaintiff alleges a "purported" foreclosure.

47. The document referred to in Paragraph 47 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 47 contains Plaintiff's characterization of that document or any statements therein, those allegations are denied.

48. Denied.

49. Defendants deny Plaintiff's challenges to foreclosure.

50. The eviction action referred to in Paragraph 50 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 50 contains Plaintiff's characterization of the present pending action, those allegations are denied.

51. Denied.

**COUNT I – DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS**

52. Defendants incorporate by reference their responses to Paragraphs 1 through 51 of Plaintiff's Complaint.

53. Denied.

54. Denied.

55. Denied.

56. Defendants lack sufficient knowledge or information to admit or deny the significance of Plaintiff's claimed property interest at stake, and therefore deny the same. Further

answering, Paragraph 56 of Plaintiff's Complaint states a legal conclusion to which no response is required. To the extent a response is required, denied. Defendants deny the remaining allegations within Paragraph 56 of Plaintiff's Complaint.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## COUNT II – COMPLAINT PURSUANT TO R.I.G.L. 34-27-3.1

61. Defendants incorporate by reference their responses to Paragraphs 1 through 60 of Plaintiff's Complaint.

61. The statute referred to in Paragraph 61 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 61 contains Plaintiff's characterization of the statute, those allegations are denied.

62. [Plaintiff has not included any allegation numbered Paragraph 62].

63. Denied.

61. The statute referred to in Paragraph 61 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 61 contains Plaintiff's characterization of the statute, those allegations are denied.

64. [Plaintiff has not included any allegation numbered Paragraph 64].

65. Denied.

66. Paragraph 66 of Plaintiff's Complaint states a legal conclusion. To the extent any response is required, Defendant deny that Plaintiff has stated any claim for violations of R.I.G.L. 34-27-3.1.

67. Denied.

7

## **COUNT III – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

68. Defendants incorporate by reference their responses to Paragraphs 1 through 68 of Plaintiff's Complaint.

69. Denied.

70. Paragraph 70 of Plaintiff's Complaint refers to a paragraph of the mortgage at issue in this litigation, which speaks for itself.

71. The document referred to in Paragraph 71 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 71 contains Plaintiff's characterization of the statute, those allegations are denied.

71. Denied.

72. The notice referred to in Paragraph 72 of Plaintiff's Complaint speaks for itself. To the extent Paragraph 72 contains Plaintiff's characterization of the notice, those allegations are denied.

73. Paragraph 22 of Plaintiff's mortgage speaks for itself.

74. Denied.

75. Denied.

76. Denied.

77. Paragraph 22 of Plaintiff's mortgage speaks for itself.

78. Denied.

79. Paragraph 22 of Plaintiff's mortgage speaks for itself.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. [Plaintiff has not included any allegation at numbered Paragraph 89].

## **COUNT IV – DECLARATORY JUDGMENT**

90. Defendants incorporate by reference their responses to Paragraphs 1 through 90 of Plaintiff's Complaint.

91. Paragraph 91 states a legal conclusion to which to respond is required. To the extent any response is required, Defendants deny that Plaintiff is entitled to declaratory relief.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

## **COUNT V – CLAIM FOR INJUNCTIVE RELIEF AND PRELIMINARY AND PERMANENT INJUNCTION**

96. Defendants incorporate by reference their responses to Paragraphs 1-95 of Plaintiff's Complaint.

97. Denied.

98. Denied.

99. Denied.

100. Defendants are without knowledge or information sufficient to admit or deny the allegations contained within Paragraph 100 of Plaintiff's Complaint and therefore deny the same.

302979964v1 1010981

101. Denied.

102. Denied.

103. Denied.

## RESPONSE TO PLAINTIFFS' PRAYERS FOR RELIEF

Defendants deny that Plaintiff is entitled to any of the relief requested in each of the counts to this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted because, among other reasons, Plaintiff has no legal basis to maintain a due process claim arising out of Fannie Mae's foreclosure under Rhode Island's Statutory Power of Sale.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff is estopped from challenging the Defendants' authority to accelerate or foreclose.

### THIRD AFFIRMATIVE DEFENSE

Defendants affirmatively plead Plaintiff's breach of contract and Defendants' resulting authority to initiate foreclosure under the Statutory Power of Sale.

### FOURTH AFFIRMATIVE DEFENSES

Plaintiff's damages, in whole or in part, are barred by his failure to mitigate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to 12 U.S.C. § 4617(f).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred pursuant to the Housing and Economic Recovery Act of 2008 ("HERA").

## EIGHTH AFFIRMATIVE DEFENSES

Plaintiff's claims are barred by the statute of limitations or limitations applied to cause of action in the complaint.

WHEREFORE, Defendants, Federal Housing Finance Agency and Federal National Mortgage Association, request judgment in their favor on each and every cause of action asserted in Plaintiff Byron Avila's Complaint, an award of costs of suit, including attorneys' fees, and any such other and further relief the Court deems just and appropriate.

Respectfully submitted,

FEDERAL HOUSING FINANCE AGENCY and FEDERAL NATIONAL MORTGAGE ASSOCIATION,

By Their Attorneys,

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha, Bar No. 7075
Ethan Z. Tieger, Bar No. 9308
HINSHAW & CULBERTSON LLP
56 Exchange Terrace
Suite 5
Providence, RI 02903
Telephone: (401) 751-0842
Facsimile: (401) 751-0072
sbodurtha@hinshawlaw.com
etieger@hinshawlaw.com

Dated: December 21, 2018

## CERTIFICATE OF SERVICE

I, Samuel C. Bodurtha, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on December 21, 2018.

*/s/ Samuel C. Bodurtha*
Samuel C. Bodurtha